## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| FAVIAN ALBARRAN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 21 C 1024 |
| | ) | |
| v. | ) | |
| | ) | Hon. Manish S. Shah |
| THOMAS J. DART, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

Defendants' motion to dismiss the complaint for failure to state a claim [27] is granted in part and denied in part. The Clerk is instructed to terminate Plaintiff's "motion to deny defendants' motion to dismiss" [34] as a pending motion. The document is a response, not a motion. Plaintiff's "motion to submit documentary evidence" [35] is denied as unnecessary. Plaintiff is not required to file evidence with the court at this (pleading) stage of the case. Defendants shall answer the complaint by June 7, 2022. Counsel for defendants shall confer with plaintiff and file a joint initial status report with a proposed case schedule by June 14, 2022.

### STATEMENT

Plaintiff Favian Albarran, a former Cook County Jail detainee, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants violated his constitutional rights by failing to take reasonable measures to protect him from exposure to COVID-19, resulting in his contracting the virus in April 2020. In its September 8, 2021 screening order, the Court found that Plaintiff's allegations were sufficient to state a Fourteenth Amendment conditions of confinement claim against Dart (in his individual capacity) and a *Monell* claim against Dart (in his official capacity) and Cook County. (*See* Dkt. 18 at pgs. 3-4.)

Defendants have moved to dismiss Plaintiff's amended complaint. They argue: (1) Plaintiff's allegations do not suggest a plausible individual capacity claim against Sheriff Dart, and, even if they do, the claim cannot proceed due to qualified immunity; (2) Plaintiff's official capacity (*Monell*) claim fails to establish a plausible cause of action against the Sheriff's Office; and (3) any direct claim against Cook County cannot proceed as a matter of law. (Dkt. 27 at pg. 1.)

The Court's screening order pursuant to 28 U.S.C. § 1915A employed the same standard that applies to Rule 12(b) motions to dismiss. *Cesal v. Moats*, 851 F.3d 714,

720 (7th Cir. 2017). At the screening stage and at the motion-to-dismiss stage, the Court construes *pro se* complaints liberally, "holding them to a less stringent standard than pleadings drafted by lawyers." *Id.*

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *See Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Under federal notice pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665-66 (7th Cir. 2013).

The Court sees no reason to revisit its screening order allowing the Fourteenth Amendment conditions claim to proceed against Defendant Dart (in his individual capacity) and the *Monell* claim to proceed against Defendant Dart (in his official capacity).

Because Plaintiff was a pretrial detainee at the time of the events alleged in the amended complaint, his constitutional rights derive "from the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment." *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015). Thus, whether plaintiff's conditions of confinement violated the Constitution turns on the objective reasonableness of Defendants' actions. *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020); *Hardeman v. Curran*, 933 F.3d 816, 823 (7th Cir. 2019). The first step of the inquiry is whether "the defendants acted 'purposefully, knowingly, or perhaps even recklessly'"; their actions must "rise above negligence and resemble 'something akin to reckless disregard.'" *Ferguson v. Cook Cty. Corr. Facility/Cermak*, No. 20-1185, 2020 WL 6689963, at *2 (7th Cir. Nov. 13, 2020) (quoting *Miranda v. County of Lake*, 900 F.3d 335, 353 (7th Cir. 2018)); *McCann v. Ogle Cty., Illinois*, 909 F.3d 881, 886 (7th Cir. 2018). The next step is whether the challenged conduct was objectively reasonable. *McCann*, 909 F.3d at 886. In order to state such a claim, plaintiff need not *establish* the claim but must plausibly allege it. Plaintiff has done that here.

In his amended complaint, he contends that Defendant Dart was aware of the dangers posed by the coronavirus but failed to take reasonable steps to stem the

spread of coronavirus within the jail. (*See* Dkt. 19 at pgs. 1-4.) Plaintiff also contends that these failures caused him to contract the coronavirus and suffer harm. (*Id.*) These allegations are sufficient to state a claim against Sheriff Dart in his individual capacity.

Defendants seek dismissal of the individual capacity claim against Dart, arguing that Plaintiff did not explicitly state in his amended complaint that he was suing Dart in his individual capacity. (Dkt. 27 at pg. 4). But the Court liberally construes *pro se* pleadings, and Plaintiff confirms in his response that he intended to pursue an individual capacity claim against Dart. Accordingly, Defendants' motion as to this issue is denied.

To the extent Defendants seek dismissal of the individual capacity claim against Defendant Dart on qualified immunity grounds, (*see* Dkt. 27 at pgs. 5-8), consideration of this defense is premature. The Seventh Circuit has cautioned that dismissal under Rule 12(b)(6) on qualified immunity grounds is generally inappropriate because a plaintiff is not required to plead factual allegations to overcome a defense of qualified immunity. *Alvarado v. Litscher*, 267 F.3d 648, 651–52 (7th Cir. 2001); *see Jacobs v. City of Chicago*, 215 F.3d 758, 775 (7th Cir. 2000) (Easterbrook, J., concurring) ("Rule 12(b)(6) is a mismatch for immunity and almost always a bad ground of dismissal" because when defendants assert immunity "it is essential to consider facts other than those alleged in the complaint.").

Plaintiff may also proceed with his official capacity (*Monell*) claim against Defendant Dart. As explained in the Court's September 8, 2021 screening order, Plaintiff's allegations in the amended complaint suggest that his injury was caused by jail-wide policies or practices (regarding, for instance, screening inmates for infection, sanitation and hygiene within the jail's various living areas, availability of masks/PPE, and adequate distancing). (Dkt. 18 at pgs. 3-4.) These allegations, while not robust, are sufficient at the pleading stage to state a *Monell* claim against Sheriff Dart in his official capacity. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690–91 (1978).

There may be facts outside of the complaint that eventually support a finding that the Sheriff acted reasonably under difficult circumstances. But at this early stage, *Mays v. Dart*, 974 F.3d 810, 820 (7th Cir. 2020), does not require dismissal. *See Brown v. Dart*, No. 20 C 4193, 2021 WL 4401492 (N.D. Ill. September 25, 2021) (Valderrama, J.); *Wilson v. Dart*, No. 20 C 7009, 2021 WL 2549401 (N.D. Ill. June 22, 2021) (Ellis, J.); *Cullom v. Dart*, No. 20 C 4034, 2020 WL 7698366 (N.D. Ill. Dec. 27, 2020) (Kennelly, J.); *Gama v. Dart*, No. 20 C 3449, 2020 WL 6802030 (N.D. Ill. Nov. 19, 2020) (Gettleman, J.). On a motion to dismiss, the Court must take the facts as alleged in the complaint and draw all inferences in Plaintiff's favor, without considering Defendants' counter-facts. In doing so here, the Court is satisfied that

3

Plaintiff has stated a plausible policy claim against Sheriff Dart in his official capacity.

This leaves Defendants' argument concerning Cook County. Defendants correctly contend that any substantive *Monell* claim against Cook County should be dismissed because Cook County is not the policymaker at the jail (the Sheriff is). (Dkt. 27 at pg. 14.) Illinois law provides that a county sheriff, and not the county itself, has "custody and care" of the county jail and its operations. 55 Ill. Comp. Stat. 5/3–6017; *see Ryan v. Cnty. of DuPage*, 45 F.3d 1090, 1092 (7th Cir. 1995) (county not liable under § 1983 where "Illinois sheriffs are independently elected officials not subject to the control of the county"); *Thompson v. Duke*, 882 F.2d 1180, 1187 (7th Cir. 1989) (county not liable for failure to train policy claim where county had "no authority to train the employees involved or to set the policies under which they operate" as the county jail was "solely under the supervision and control" of the county sheriff). Accordingly, Defendants' motion as to this issue is granted. Cook County shall remain as Defendant in this action for indemnification purposes only. *See Carver v. Sheriff of LaSalle Cnty.*, 324 F.3d 947, 948 (7th Cir. 2003) ("[A] county in Illinois is a necessary party in any suit seeking damages from an independently elected county officer (sheriff, assessor, clerk of court, and so on) in an official capacity."); *see also Riley v. Cnty. of Cook*, 682 F.Supp.2d 856, 860–61 (N.D. Ill. 2010) ("[T]he County cannot be entirely dismissed from the suit due to its duty to indemnify any official capacity claims."); *Hunt v. Dart*, No. 07 C 6003, 2010 WL 300397, at *2 (N.D. Ill. Jan. 22, 2010) (relying on *Carver* to conclude that county remained a party for indemnification purposes).

Defendants' motion to dismiss is denied in part and granted in part.

ENTER:

Date: May 17, 2022

_____

Manish S. Shah, U.S. District Judge

4